U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 3 0 2015

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**FREDERICK BODISON**                     DOCKET NO. 15-CV-177; SEC. P

**VERSUS**                                JUDGE DRELL

**WARDEN**                                MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Frederick Bodison, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his release date as calculated by the Bureau of Prisons (BOP).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petition be denied and dismissed.

*Factual and Procedural Background*

Petitioner alleges that on October 15, 2011, he was arrested in Florida by Orange County deputies for Sell/Manufacture/Deliver a Controlled Substance, Possession of Controlled Substance, Possession of Drug Paraphernalia, and Resisting Officer without Violence. On October 17, 2011, the United States Marshals Service lodged a detainer against Petitioner.

On February 20, 2012, Petitioner was sentenced in Orange County Circuit Court to six months, with credit for 129 days, in docket number 48-2011-CF-14024. He alleges that he satisfied his six-month sentence on March 13, 2012. He states that, although he was released to the USMS on April 19, 2012, he remained in the Orange County Jail until his federal sentencing on November 1, 2012.[1] [Doc. #1, p.11]

Petitioner states that he sought a nunc pro tunc designation for the time he was in the Orange County Florida Jail, from October 15, 2011, through October 31, 2012. The BOP determined that, although a detainer was placed on Petitioner by the USMS on October 17, 2011, he remained in primary custody of the State of Florida. [Doc. #1, p.17] Petitioner *was* released to USMS custody on April 19, 2012, once Florida determined that Petitioner's sentence had been completed on March 13, 2012. ***Petitioner was given credit against his state sentence from October 15, 2011, through March 13, 2012. He was given credit against his federal sentence from March 14, 2012, through October 31, 2012.***

### Law and Analysis

Petitioner asks for credit on his federal sentence for time served on his state sentence - from October 15, 2011, through

---

[1] Petitioner was sentenced in the United States District Court for the Middle District of Florida, to 100 months of imprisonment for aiding and abetting the distribution with intent to distribute cocaine base and possession with intent to distribute cocaine base.

2

October 31, 2012. He received credit from March 14, 2012, through October 31, 2012. Thus, the time period at issue is October 15, 2011, through March 13, 2012. He asks that the Court order the BOP to reconsider its denial of nunc pro tunc designation of the state facility as a federal facility in order that the time from 10/15/11 through 3/13/12 be considered by the BOP to have been spent in federal custody.[2]

The authority to grant or deny credit for time served or a nunc pro tunc designation is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the Bureau of Prisons. See U.S. v. Wilson, 503 U.S. 329 (1992); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Jake v. Herschberger, 173 F.3d 1059, 1065-1066 (7th Cir. 1999). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a Section 2241 petition. See Jack, 566 Fed.Appx. at 332.

First, where a convicted federal prisoner claims credit for time served in a state jail or prison on an unrelated offense, the burden is on the prisoner to establish that the state confinement was exclusively the product of action by federal law enforcement officials so as to justify treating the state jail time as the

---

[2]Phrase "nunc pro tunc" translated literally means "now for then," and, with respect to rendition of judgment or certificate that there is no just reason for delay quoted phrase signifies belated entry of document and that document will be given anterior effect. Fed.Rules Civ.Proc. rule 54(b), 28 U.S.C.A.

3

practical equivalent of a federal one. See Rivas v. Haro, 32 Fed.Appx. 127 (5th Cir. 2002) (citing Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982)). However, even if Petitioner shows that his detention was exclusively the product of action by federal law enforcement officials, so as to justify treating the state jail time as the practical equivalent of federal, **if the Petitioner received credit against the state sentence, none is to be granted against the federal sentence**. See United States v. Garcia-Gutierrez, 835 F.2d 585, 586-87 (5th Cir. 1988).

18 U.S.C. §3585 provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*. In this case, Petitioner seeks credit from October 15, 2011, through October 31, 2012. He has received credit against his federal sentence from March 14, 2012, through October 31, 2012. **It is now clear that he received credit for the time period at issue - from October 15, 2011, through March 13, 2012 - against his state sentence.**

Under §3585(b), a defendant cannot receive credit on his federal sentence when he received credit toward his state sentence

for the same time period. See United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059, 114 S.Ct. 1629, 128 L.Ed.2d 352 (1994); United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (in enacting 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time").

Thus, even if Petitioner's state detention was exclusively the result of the federal detainer, the statute (18 U.S.C. §3585(b)) precludes credit for that time against both his federal sentence and state sentence.

*Conclusion*

Because Petitioner cannot show that his sentence violates the United States Constitution or federal law, he is not entitled to habeas relief under §2241. For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED, with prejudice.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE